NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2954
_____

UNITED STATES OF AMERICA

v.

CAMERON GASKINS,
                                        Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. Action No. 08-845)
District Judge: Honorable Katherine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2010
_____

Before: RENDELL, JORDAN, and GREENAWAY, JR., Circuit Judges

(Opinion Filed: September 16, 2010)
_____

OPINION
_____


GREENAWAY, JR., Circuit Judge

Cameron Gaskins appeals his conviction and sentence from the United States

District Court for the District of New Jersey. Gaskins's court-appointed counsel

("Counsel") seeks permission to withdraw from representation, pursuant to Anders v. California, 386 U.S. 738 (1967), for lack of non-frivolous issues on appeal. For the reasons set forth below, we will grant Counsel's motion and affirm the District Court's judgment of conviction and sentence.

## I. BACKGROUND

We write solely for the benefit of the parties and recount only the essential facts. On November 17, 2008, Gaskins pled guilty, pursuant to a plea agreement, to one count of attempted mail fraud, in violation of 18 U.S.C. § 1341. On May 19, 2009, the District Court sentenced Gaskins to 27 months of imprisonment. This was within the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") recommended range of 24 to 30 months for a total offense level of 13, as stipulated in the plea agreement, and a criminal history category of IV. The District Court, however, determined that the 27 months should run from the date of his plea, in November of 2008, rather than from the date of his sentencing, in May of 2009. By backdating the sentence, the District Court intended to grant six months of "credit" to Gaskins for the time he had been serving on a pre-existing state sentence.

Notwithstanding Gaskins's waiver, under his plea agreement, of "the right to file any appeal . . . including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255," (App. 165), Gaskins filed a *pro se* notice of appeal. Counsel moves to withdraw from representation under Anders, arguing that there are no

non-frivolous issues on appeal.

## II. JURISDICTION & LEGAL STANDARD

We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. The District Court had jurisdiction under 18 U.S.C. § 3231.

Pursuant to Anders, counsel may file a motion to withdraw, with a supporting brief, if, after reviewing the district court record, he is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). Before we may grant counsel's motion, we must engage in a two-fold inquiry. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). First, we ask whether counsel fulfilled the requirements of Rule 109.2 by satisfying this Court that he has "thoroughly examined the record in search of appealable issues" and by "explain[ing] why the issues are frivolous." Id. Second, we determine whether an independent review of the record reveals any non-frivolous issues. Id. If "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Id. at 301.

## III. ANALYSIS

Counsel has submitted an Anders brief that reflects his detailed examination of the record in search of appealable issues. He has identified seven issues for appellate review and explained why each is frivolous. See Anders, 386 U.S. at 744 (noting that an issue is frivolous if it is not arguable on its merits). The issues are: (1) whether Gaskins's guilty

3

plea was valid; (2) whether Gaskins's <u>Miranda</u> rights were violated;[1] (3) whether the Government failed to indict; (4) whether the Government failed to prosecute; (5) whether there is a statute of limitations defense available to Gaskins; (6) whether the Bureau of Prisons ("BOP") has made a computational error with regard to Gaskins's sentence; and (7) whether Counsel rendered ineffective assistance. Gaskins, in his *pro se* brief and supplemental brief, additionally argues that the District Court lacked subject matter jurisdiction over his case as a result of the lack of a formal indictment.

After reviewing the record, we find no non-frivolous issues on appeal. First and foremost, Gaskins waived his right to appeal through an appellate waiver provision in his plea agreement. Unless it results in a miscarriage of justice, a waiver of the right to appeal is valid and enforceable when it is made knowingly and voluntarily. <u>United States v. Khattak</u>, 273 F.3d 557, 562-63 (3d Cir. 2001). The constitutional standard for knowing and voluntary is embodied in Federal Rule of Criminal Procedure 11. <u>United States v. Schweitzer</u>, 454 F.3d 197, 202 (3d Cir. 2006). Rule 11 requires a court to advise the defendant of, *inter alia*, the rights he waives by virtue of the plea and the rights he waives under the terms of an appellate waiver provision in his plea agreement. Fed. R. Crim. P. 11(b). Before a court may accept a guilty plea, the court must determine that the defendant understands his rights and is entering the guilty plea voluntarily. <u>Id.</u>

The District Court conducted a thoughtful and extensive plea colloquy that

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

comports with Rule 11. Gaskins's plea was knowing and voluntary. The appellate waiver within the plea agreement was likewise made knowingly and voluntarily. Enforcement of the waiver would not result in a miscarriage of justice because there are no appellate issues of even arguable merit.

Gaskins specifically waived his Miranda rights through a written waiver. There is no evidence that Gaskins was coerced into a false written statement of confession or that he did not understand his waiver of his Miranda rights. See Berghuis v. Thompkins, 560 U.S. ---, 130 S.Ct. 2250, 2260 (2010) (stating that a Miranda waiver must be knowing and voluntary). Accordingly, there is no non-frivolous issue as to Gasksins's Miranda rights.

Similarly, Gaskins's waiver of prosecution by indictment in favor of prosecution by information renders frivolous Gaskins's contention that the Government failed to indict. The District Court, per Federal Rule of Criminal Procedure 7(b), advised Gaskins of the charge against him, and of his rights, before Gaskins waived the indictment. In addition to orally waiving the indictment, Gaskins signed a written waiver of prosecution by indictment. There is no arguable merit to a claim contesting the validity of his waiver of prosecution by indictment.

The Government's failure to indict is also Gaskins's basis for arguing that the Government failed to prosecute and that the District Court lacked jurisdiction. In light of Gaskins's knowing and voluntary waiver of the indictment, these arguments, too, are frivolous.

Gaskins also waived his statute of limitations defense through his plea agreement. Although Gaskins suggests that he was tricked or manipulated into pleading guilty, and that, if not for Counsel, he would have asserted his statute of limitations defense, there is no indication that the guilty plea was unknowing or involuntary. The District Court carefully explored Gaskins's motivations for entering the plea in the context of Counsel's advice about the statute of limitations issue and the Government's position that it was prepared to indict Gaskins on other charges if he did not plead. (App. 59-61.) The District Court then concluded, and Gaskins confirmed, that there was no threat or coercion overbearing Gaskins's will. There is no arguable merit to his statute of limitations claim.

The allegation that the BOP has made a computational error regarding Gaskins's sentence is also, ultimately, frivolous. Gaskins contends that the BOP has failed to comply with the District Court order that Gaskins receive a sentence of 27 months from the date of November 17, 2008.

Backdating a federal sentence conflicts with 18 U.S.C. § 3585(a), which states that a federal prison term may commence only when the defendant is received into custody. Furthermore, the term "credit" can refer to different concepts. The award of "credit" against a sentence, as described under 18 U.S.C. § 3585(b), is within the exclusive authority of the BOP. United States v. Wilson, 503 U.S. 329, 333-34 (1992); Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002) (noting additionally that "credit" is a term of art

6

as used in § 3585(b)).  In contrast, a court has authority, pursuant to Guidelines § 5G1.3(c), to fashion a sentence that accounts for time already served, and "credit for time served on a pre-existing state sentence is within the exclusive power of the sentencing court."  Ruggiano, 307 F.3d at 132; U.S.S.G. § 5G1.3(c) & cmt. n.3(E); see also 18 U.S.C. § 3584 (permitting concurrent terms of imprisonment).  The Guidelines cautions sentencing courts that, "[t]o avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit . . . the [Sentencing] Commission recommends that any downward departure under [] application note [3(E) in § 5G1.3] be clearly stated . . . as a downward departure pursuant to § 5G1.3(c), rather than as a credit for time served."  U.S.S.G. § 5G1.3 cmt. n.3(E); see also Ruggiano, 307 F.3d at 133 ("[W]e encourage sentencing courts in the future to avoid using the term 'credit' to refer to § 5G1.3 adjustments so as not to engender any unnecessary confusion.").[2]

Regardless of any confusion caused by the District Court's sentencing, Gaskins waived his right to appeal this issue.  Under the plea agreement, he waived any challenge to his sentence "if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13." (App. 165.)  Gaskins's sentence is

---

[2] In Ruggiano, we decided that sentencing courts should use the term "adjustment," rather than "credit" or "downward departure," in order to avoid confusion when applying Guidelines § 5G1.3.  307 F.3d at 133.  However, Application Note 3(E) to Guidelines § 5G1.3, which came into effect after Ruggiano, indicates that the appropriate terminology is "downward departure."

within the Guidelines range for a total offense level of 13. Insofar as Gaskins is seeking to compel the BOP to apply six months of credit for time served on his state sentence, as the District Court intended to do, this is appropriately addressed through administrative remedies or a writ of habeas corpus. See Barden v. Keohane, 921 F.2d 476, 479 (3d Cir. 1990) (holding that issues which affect a term of imprisonment are fundamental issues of liberty creating jurisdiction under 28 U.S.C. § 2241); Ruggiano, 307 F.3d at 124 (addressing, on petition for writ of habeas corpus, issue of whether BOP calculated credit on defendant's sentence in accordance with sentencing court instructions).

Lastly, Counsel identified that Gaskins may pursue an ineffective assistance of counsel claim based on Gaskins's allegation that Counsel misled him into pleading guilty. As we noted, the record reflects nothing other than an informed and voluntary plea. Moreover, ineffective assistance of counsel claims are properly addressed through collateral attack, pursuant to 28 U.S.C. § 2255, rather than on direct appeal. Massaro v. United States, 538 U.S. 500, 504-06 (2003). Accordingly, this issue is frivolous.

## IV. CONCLUSION

For the reasons set forth above, we affirm the judgment of the District Court and grant Counsel's motion to withdraw from his representation of Cameron Gaskins.